J-A09019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JERRY BROWN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATTI BROWN, | |
| Appellant | No. 1321 MDA 2016 |

Appeal from the Decree July 12, 2016
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 13268 of 2009

BEFORE:  GANTMAN, P.J., SHOGAN and OTT, JJ.

JUDGMENT ORDER BY SHOGAN, J.:                **FILED MARCH 28, 2017**

This is an appeal from the entry of a divorce decree.  We affirm.

Jerry Brown ("Husband") and Patti Brown ("Wife") married in September of 1990.  Husband filed a divorce complaint on September 21, 2009, and Wife filed an answer and counterclaim.  Following hearings, the appointed Master filed a Report and Recommendation ("First Report") on November 7, 2014, followed by an Amended Report and Recommendation ("Amended First Report") on November 13, 2014.  Husband and Wife both filed exceptions and amended exceptions.  Oral argument on the exceptions was scheduled for February 24, 2015.

On February 19, 2015, Wife's counsel sought to withdraw due to a conflict between counsel and Wife.  The trial court scheduled argument on

1

counsel's petition for February 24, 2015, the date of the hearing on exceptions. Wife's counsel appeared on February 24, 2015, but Wife did not. The trial court explored Wife's notice of the hearing with counsel, who explained Wife had notice of both hearings. Regarding his motion to withdraw, counsel stated he gave Wife notice by United States mail, which was not returned to him, and by text. N.T., 2/24/15, at 3. Regarding the notice of the hearing on exceptions, counsel stated that Wife "was given mail service, in-person service. She was provided service personally." *Id*.

The trial court permitted counsel to withdraw at the hearing. Following argument, all but two of Husband's exceptions were granted by an order filed March 12, 2015, wherein the court remanded to the Master for application of the exceptions and submission of a new report. On April 28, 2015, the Master filed a Second Report and Recommendation ("Second Report").[1] The record reveals that the Master mailed copies of the Second Report to the parties. On May 18, 2015, the twentieth day after the filing of the Second Report, Wife, seeking a two-week extension, filed a Motion for Extension of Time to File Objections to the Master's Second Report. In that motion, Wife acknowledged receipt of the Second Report from the Master.[2]

_____

[1] The trial court incorporated the Second Report into the divorce decree. Trial Court Opinion, 10/4/16, at 3.

[2] Wife alleged she was unaware of the March 12, 2015 order remanding to the Master and opined that mail "continued to be addressed to [her] ex-
*(Footnote Continued Next Page)*

- 2 -

The trial court held a hearing on Wife's request on June 9, 2015, and denied the motion for extension of time. Neither Husband nor Wife filed timely exceptions to the Second Report.

The trial court determined that all issues were waived by Wife's failure to file exceptions to the Second Report and asserted that the issues included in Wife's Pa.R.A.P. 1925(b) statement are waived by Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Trial Court Opinion, 10/4/16, at 4–5.

We are guided by Pa.R.C.P. 1920.55-2, which provides, in pertinent part, "Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters." "[T]his rule requires a party who is dissatisfied with a master's report to file exceptions to the report, or waive any such objections." *Lawson v. Lawson*, 940 A.2d 444, 450 (Pa. Super. 2007).

We agree with the trial court that all issues are waived. The Second Report was filed April 28, 2015, and Wife had twenty days to file exceptions. In Wife's May 18, 2015 motion for extension of time to file exceptions, Wife impliedly admitted having timely notice of the Second Report but asserted

_____
(Footnote Continued)

lawyer." Motion for Extension of Time to File Objections to the Master's Second Report, 5/18/15. The record reveals that claim to be false. Moreover, the trial court indicated that the March 12, 2015 order "was mailed to [Wife's] address and not her counsel since the [c]ourt was already aware that [Wife's] counsel was permitted to withdraw from the case." Trial Court Opinion, 10/4/16, at 2.

- 3 -

she did not have the exhibits related to the First and Amended First Reports. Husband's counsel testified that Wife's prior counsel had copies of all of the exhibits. N.T., 6/9/15, at 10. The record also reflects that Wife's prior counsel represented that he gave Wife the entire case file on March 20, 2015, N.T., 6/9/15, at 11, which Wife denied. *Id*. at 11. The record reveals, despite Wife's claim otherwise, that Wife had notice of the February 24, 2015 hearing, the March 12, 2015 order remanding to the Master, and the April 28, 2015 Second Report but failed to file exceptions. Thus, all issues are waived. *Lawson*, 940 A.2d 444.

Decree affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2017